592 So.2d 49 (1991)
William DEAN, Jr. and the Holmes County School Board
v.
Marie PRINGLE.
No. 90-CA-1060.
Supreme Court of Mississippi.
Decided December 4, 1991.
Alix H. Sanders, Sanders & Associates, Greenwood, for appellants.
Mark A. Chinn, Jackson, for appellee.
Before DAN M. LEE, P.J., and ROBERTSON and SULLIVAN, JJ.
DAN M. LEE, Presiding Justice, for the Court:
Superintendent William Dean, Jr., and the Holmes County School Board appeal a Holmes County Chancery Court "order reversing the decision of the School Board and awarding back pay and reinstatement" entered September 13, 1990. The chancery court concluded that the Holmes County School Board decision affirming the termination of Pringle was "arbitrary and capricious and not supported by any substantial evidence." We affirm.

I.
During the school year 1988-89, Marie S. Pringle was employed by the Holmes County School District as one of the two coordinators of its Chapter I program. Prior to *50 1988, Pringle worked for the school district as coordinator of the Migrant Program.
On June 27, 1989, she was tendered a contract for the school year 1989-90 for the position of Coordinator of Chapter I Language Arts. Pringle accepted this contract in writing on July 17, 1989, and was thus employed for the 1989-90 school year.
On July 27, 1989, the State Department of Education advised it did not approve the Chapter I program as written. It required a balancing of responsibility between two coordinators, Pringle and Mrs. Johnetta Falls.
In the previous year Falls had coordinated reading grades three through six and math grades three through eight. Prior to 1988, Falls had worked with the Chapter I program for over twenty years, and had been supervisor for the entire Chapter I program prior to it being divided in the school year 1988.
Assistant Superintendent Judge Nelson advised Pringle of the Department of Education's stance, and informed Pringle that she would be reassigned to supervise mathematics in grades three through eight, while Falls would be reassigned to supervise reading and language arts. This proposed reassignment was submitted for Pringle's approval by letter dated August 3, 1989. This letter informed Pringle that "in accordance with paragraph # 2 of your contract, you are hereby reassigned to the position of Chapter I Coordinator of Mathematics," and she was given until August 18, 1989 to accept the reassignment.
By letter dated August 10, 1989, from Pringle's attorney, Pringle communicated to the Board's attorney that she had serious reservations about her qualifications to supervise mathematics, but ultimately she would accept the reassignment if the Board did not see fit to change its position. She proposed in this letter that Ms. Falls be reassigned to supervise mathematics, and that she be reassigned to supervise reading and language arts.
The Superintendent responded to this letter on August 16, 1989, and refused to alter either Pringle's or Falls' reassignment. Speaking for the Holmes County School District, the Superintendent then informed Pringle by letter that he regretted she had no qualifications to supervise mathematics, and, because she claimed not to have the necessary qualifications, the District would withdraw its offer of employment. This so-called withdrawal[1] occurred two days before expiration of the period in which Pringle had to accept the reassignment. The original reassignment letter gave Pringle until August 18, 1989, to accept.
During the afternoon of August 18, 1989, Pringle's attorney contacted the Board's attorney and advised him that Pringle would unconditionally accept the reassignment, and that she would deliver the fully-executed amendment to Superintendent Dean that afternoon. Dean was asked by the Board attorney to remain after hours, apparently because Pringle was travelling from out of town. Pringle missed Dean during the afternoon, but ultimately delivered her acceptance to Dean sometime just before 8:00 p.m. on the 18th, which he accepted.
Assuming the matter finally concluded, Pringle appeared at school for an opening day meeting of teachers on August 21, 1989. Upon arrival, she discovered that the Board, and Assistant Superintendent Nelson in particular, continued to insist that she had already been terminated. She announced to the meeting that she had accepted the reassignment and fully intended to work.
As a result, Pringle sought the aid of the chancery court in the form of a request for an injunction allowing her to work pending a hearing before the school board. Based upon representations by the Superintendent *51 that Pringle had been disruptive at the orientation meeting on August 21, the chancery court denied the request for injunction.
Pringle then sought, and was granted, a hearing before the school board. Miss. Code Ann. §§ 37-9-59, 37-9-111 (Rev. 1990). Following this hearing, the Board affirmed the Superintendent's decision to "withdraw its offer of employment."[2] From the Board's decision, Pringle appealed to the Chancery Court of Holmes County.
The Chancery Court of Holmes County reversed the School Board, reinstated Pringle with all back pay at the same salary of $33,945.00 plus costs, and remanded to the School Board for proceedings consistent therewith. From that decision, the Board has appealed with supersedeas.

II.
The Board argues the chancery court lacked jurisdiction; that it exceeded the applicable scope of review as an appellate court; that this action sounds in contract and is not a teacher termination action governed by Miss. Code Ann. § 37-9-59 (Rev. 1990), and that the Board's action was not arbitrary or capricious. Pringle also seeks an award of attorney's fees. We are not persuaded by any of the Board's arguments, and find only one worthy of discussion; that is, whether the decision of the Board was arbitrary and capricious. We likewise deny Pringle's request for attorney's fees.
The chancellor correctly examined this matter pursuant to Miss. Code Ann. § 37-9-59 (Rev. 1990), which sets forth grounds upon which a contract employee may be terminated and provides for hearing and appeal in the event of termination. In its own opinion, the Board found that Pringle was employed pursuant to contract for the 1989-90 school year. Although the Board described the subsequent action against Pringle as a withdrawal of an employment offer, it was very simply a termination. A binding contract for the 1989-90 school year was formed upon Pringle's written acceptance on July 17, 1989, and the matter of reassignment represented an attempt to amend a prior existing contract.
The chancellor's opinion states, in pertinent part, as follows:
The scope of review by this court is limited to a determination of whether the action by the Holmes County School Board affirming the Superintendent's decision was supported by any substantial evidence, was arbitrary or capricious, or in violation of statutory or constitutional rights of Ms. Pringle. Miss. Code Ann. § 37-9-113(3). At the time of her discharge Ms. Pringle was a certified employee of the School District, and as such she was subject to dismissal or suspension solely for causes set forth in Miss. Code Ann. § 37-9-59 [Rev. 1990]. Those causes are: "incompetence, neglect of duty, immoral conduct, intemperance, brutal treatment of a pupil, or other good cause."
This same statute also provides that before subject employee can be dismissed or suspended by the Superintendent he "shall be notified of the charges against him and he shall be advised that he is entitled to a public hearing upon said charges."
In my opinion the actions of the Superintendent and the School Board in releasing Ms. Pringle was [sic] arbitrary and capricious, and not supported by any substantial evidence ... An examination of the record reflects no formal or stylistic charges against her.
* * * * * *
It appears apparent to me that Ms. Pringle unquestionably accepted her reassignment but merely tried, and understandably so, to point out to her superiors how she could better serve the District in a different capacity. This effort, to me seemingly commendable, was unreasonably seized upon as a ground as [sic] which to predicate her discharge.
* * * * * *

*52 It appears to me that the District's position all along was illogical insofar as it insisted that she sign an amended contract recognizing that she accepted reassignment as Math Co-ordinator. There was never any necessity for Ms. Pringle to sign such an amended contract. If in fact she refused reassignment under her original contract then the District had the unquestionable right to fire her.[3] But Ms. Pringle never refused the reassignment.
The foregoing accurately sums up the nature of this dispute, and we concur in the chancery court's conclusion that no recognized statutory basis has been shown to justify the termination of Pringle. Thus, the judgment of the Holmes County Chancery Court reversing the decision of the Board as arbitrary, capricious and unsupported, and the award of back pay and reinstatement is affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.
NOTES
[1] Technically and legally, this was no withdrawal of an offer of employment, or a failure to renew a contract, but was an attempt to terminate Pringle pursuant to the valid contract she accepted in writing on July 17, 1989. The August 3, 1989 letter made clear that Pringle was being reassigned pursuant to paragraph # 2 of that prior existing contract. Thus, a valid contract was already in place and the matter of reassignment involved an attempt to amend that contract.
[2] See footnote 1.
[3] Paragraph 2 of her contract, pursuant to which the reassignment was made, provides that the employee "agrees to reassignment ... to any area in which he/she holds a valid certificate."